**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5119**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALDO LANARES-MENDEZ,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (CR-04-209)

---

Submitted: October 25, 2006          Decided: December 4, 2006

---

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, David A. Brown, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Waldo Lanares-Mendez pled guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to a term of sixty months imprisonment. Lanares-Mendez appeals his sentence, contending that the district court's imposition of a sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2004), based on his prior conviction for harboring an illegal alien, violated the Sixth Amendment. He also argues that counting the same conviction in his criminal history score resulted in an unreasonable sentence. We affirm.

Lanares-Mendez was deported in 2000 after he was convicted of harboring an illegal alien. A sixteen-level increase in offense level applies under USSG § 2L1.2(b)(1)(A) when the defendant has previously been deported after a conviction for an alien smuggling offense. Lanares-Mendez asserted at sentencing that the prior conviction was not an alien smuggling offfense because he had only given water to persons entering the country as a charitable act.* However, the district court agreed with the government that the conviction met the definition of an "alien smuggling offense," as defined in the guideline commentary, which states that it "has the meaning given that term in section

---

*According to the presentence report, Lanares-Mendez was convicted, under an alias, of harboring a illegal alien at an address in Texas.

- 2 -

101(a)(43)(N) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)(N) [2000])." An "alien smuggling offense" is defined in § 1101(a)(43)(N) as –

> [A]n offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter[;]

Lanares-Mendez argues that it was a violation of the Sixth Amendment to increase his offense level based on a prior conviction for alien smuggling when that fact was not charged in the indictment and determined beyond a reasonable doubt. Lanares-Mendez acknowledges that the fact of a prior conviction need not be charged in the indictment or proved beyond a reasonable doubt. See United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.) (holding that United States v. Booker, 543 U.S. 220 (2005), reaffirmed exception set out in Almendarez-Torres v. United States, 523 U.S. 224 (1998), for sentence enhancements based on recidivism), cert. denied, 126 S. Ct. 640 (2005). Because the district court correctly applied the existing law, we conclude that no error occurred.

Next, Lanares-Mendez argues that, because the sentencing guidelines permit his prior conviction and sentence for alien smuggling to be used to increase his offense level and counted in his criminal history as well, his sentence is unreasonable. He

suggests that this court should remand his case so that the district court may consider whether a downward departure is warranted to "cure the double counting."

This court has held that a sentence within a properly calculated guideline range is presumptively reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006). A sentence may be procedurally unreasonable if, for instance, the court fails to make necessary fact findings or adequately explain its reasons for imposing the sentence. Id. at 434. A sentence may be substantively unreasonable if the court misapplies the guidelines or "rejects policies articulated by Congress or the Sentencing Commission." Id. In effect, Lanares-Mendez is arguing that his sentence is substantively unreasonable because the district court failed to reject the policy adopted by the Sentencing Commission on double counting. We conclude that he has not shown that his sentence is unreasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED